LABONI HOQ (SBN 224140)
lhoq@advancingjustice-la.org
CHRISTOPHER LAPINIG (SBN 802525)
clapinig@advancingjustice-la.org
ASIAN AMERICANS ADVANCING JUSTICE
1145 Wilshire Blvd., Second Flr.
Los Angeles, California 90017
Telephone: (213) 977-7500
Facsimile: (213) 977-7595

MARWA RIFAHIE (SBN 280777)
mrifahie@cair.com
PATRICIA SHNELL (SBN 316183)
pshnell@cair.com
Council on American-Islamic Relations–CA
2180 W. Crescent Avenue, Suite F
Anaheim, California 92801
Telephone: (714) 776-1177
Facsimile: (714) 399-4585

PETER BIBRING (SBN 223981)
PBibring@aclusocal.org
MOHAMMAD TAJSAR (SBN 280152)
MTajsar@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299

ANJAN CHOUDHURY (SBN 236039)
anjan.choudhury@mto.com
ELIZABETH A. KIM (SBN 295277)
elizabeth.kim@mto.com
SUSAN S. HAR (SBN 301924)
susan.har@mto.com
NEFI D. ACOSTA (SBN 311178)
nefi.acosta@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Flr.
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS–CA, VIGILANT LOVE COALITION, ASIAN AMERICANS ADVANCING JUSTICE-LOS ANGELES, AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY LONG BEACH FIELD OFFICE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY LOS ANGELES FIELD OFFICE: FEDERAL | Case No. 2:17-cv-07887-PSG-KS<br><br>**JOINT RULE 26(F) REPORT** |

| | |
|---|---|
| 1 | BUREAU OF INVESTIGATION LOS ANGELES FIELD OFFICE; UNITED |
| 2 | STATES ATTORNEY'S OFFICE FOR THE CENTRAL DISTRICT OF |
| 3 | CALIFORNIA; UNITED STATES DEPARTMENT OF JUSTICE; |
| 4 | UNITED STATES DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION; |
| 5 | UNITED STATES DEPARTMENT OF JUSTICE COMMUNITY ORIENTED |
| 6 | POLICING SERVICES; UNITED STATES DEPARTMENT OF JUSTICE |
| 7 | COMMUNITY RELATIONS SERVICE; UNITED STATES |
| 8 | DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR THE |
| 9 | UNITED STATES ATTORNEYS; UNITED STATES DEPARTMENT OF |
| 10 | JUSTICE OFFICE OF JUSTICE PROGRAMS; UNITED STATES |
| 11 | DEPARTMENT OF JUSTICE OFFICE OF THE ATTORNEY GENERAL; |
| 12 | FEDERAL BUREAU OF INVESTIGATION; UNITED STATES |
| 13 | DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND |
| 14 | CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF |
| 15 | JUSTICE NATIONAL SECURITY DIVISION, |
| 16 | |
| 17 |        Defendants. |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's April 11, 2018 Order (Dkt. No. 31), counsel for Plaintiffs and Defendants (jointly, the "Parties") met and conferred on June 28, 2018, and hereby submit this Joint Rule 26(f) Report to the Court in advance of the July 23, 2018 Scheduling Conference.

**A.     Statement of the Case**

Plaintiffs' Statement:

This action, brought by several leading civil rights and community-based organizations, arises from government activities in "Countering Violent Extremism" ("CVE"), a controversial federal program that purportedly seeks to prevent and deter terrorism through community-based engagement. In light of the significant threats that CVE programming may pose to the free exercise of First Amendment rights, Plaintiffs submitted a FOIA request to various federal agencies on or about July 6, 2017, in order to ascertain the motivation, goals, and impact of the federal government's CVE programming on the public. In that request, Plaintiffs sought disclosure of the following records:

>    (1) Records of all communications with any and all entities that considered submitting applications to the CVE Grant Program;
>
>    (2) Records of all communications with any and all entities that submitted applications to the CVE Grant Program, including but not limited to copies of all grant applications;
>
>    (3) Records identifying all entities that submitted grant applications to the CVE Grant Program;
>
>    (4) Records of all applications and any supporting documentation submitted by any entity seeking a grant under the CVE Grant Program;
>
>    (5) Records, including but not limited to all directives, memoranda,

communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to any federal agency official's evaluation of applications submitted to the CVE Grant Program;

(6) Records created, referenced, or relied on in connection with DHS's "thorough policy review of the CVE Grant Program" as set forth in the June 23, 2017 DHS Press Statement referenced above.

(7) Records, including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, concerning any re-evaluation or changes to how CVE Grant Program applications should be evaluated by relevant federal agency officials since the Trump administration took office;

(8) Records, including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to any review, re-evaluation or change in the federal government's position, approach, focus, or priorities relating to CVE under the Trump administration;

(9) Records, including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to the federal government's withdrawal of grants it awarded under the CVE Grant Program from any and all entities identified as CVE Grant Program awardees in the "Statement by Secretary Jeh Johnson Announcing First Round of DHS's Countering Violent Extremism Grants," dated January 13, 2017, including but not limited to Records pertaining to the withdrawal of grants awarded to Claremont School of Theology; Coptic Orthodox Charities; Ka Joog Nonprofit Organization; Leaders Advancing and Helping Communities; Life After Hate Inc.; Music in Common; Muslim American Leadership Alliance; Muslim Public Affairs Council Foundation; Project Help Nevada, Inc.; The University of North Carolina at Chapel Hill; and Unity Productions Foundation;

(10) Records, including but not limited to directives, memoranda,

-3-
JOINT RULE 26(F) REPORT

communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to the increase in grant amounts for certain entities, including but not limited to the grantees listed in Table 2 above;

(11) Records, including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to grants to new awardees listed in the June 23 List, including but not limited to Records pertaining to grants awarded to the entities listed in Table 3 above;

(12) Records reflecting the processing, review, evaluation and/or re-evaluation of applications submitted to the CVE Grant Program, including but not limited to Records identifying the individuals, agencies, and/or entities that processed, reviewed, evaluated and/or re-evaluated the applications; and Records reflecting comments, opinions, notes, and/or other writings concerning each application submitted to the CVE Grant Program;

(13) Records including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to the monitoring, evaluation, re-evaluation and/or performance measurement of the CVE Grant Program, as a whole and/or with respect to any of its component parts, including but not limited to recipients of funding from the CVE Grant Program;

(14) Records of all exchange of information, including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to any and all meetings, convenings, conferences, conversations, correspondence, and communications between any federal agency and any professors, scholars, consultants, experts, specialists, and/or any individual purporting to possess knowledge or expertise about countering violent extremism;

   (15) Records of all exchange of information, including but not limited to directives, memoranda, communications, memoranda of understanding, training documents, bulletins, reports, meetings, or guidance, referring or relating to any and all meetings, convenings, conferences, conversations, correspondence, and communications between any federal agency and any state or local government agencies who sought and/or received any federal funding relating to CVE and/or related, similar or rebranded programs; and

   (16) Any other Records referring or relating to the CVE Grant Program.

Plaintiffs also requested a waiver of all fees and expedited processing.

  In the 12 months since Plaintiffs submitted their FOIA request, Plaintiffs have received no response at all from several Defendants and have only received records from two of sixteen Defendants. Both productions occurred well after the filing of this suit. Defendants have, in various combinations, failed to satisfy their obligations under FOIA by failing to respond to Plaintiffs' requests, failing to undertake an adequate search, failing to disclose responsive records, failing to respond in a timely fashion, and failing to grant (or even acknowledge) Plaintiffs' requests for fee waivers and expedited processing. To the extent any Defendant may assert that responsive records it possesses are subject to an exemption from disclosure, that Defendant has also failed to properly prepare and produce a Vaughn index correlating each withheld document (or portion) with a specific FOIA exemption(s) and justification for nondisclosure. Defendants' demonstrated failure to comply with their FOIA obligations necessitates relief from this Court.

**Defendant's Statement:**

  This is an action brought by the Plaintiff pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the disclosure of documents improperly withheld by the defendant agencies and/or components of the agencies in response to separate FOIA requests made by the Plaintiffs, as set forth above.

On October 27, 2017, Plaintiffs filed this FOIA action in the District Court. On November 22, 2017, Plaintiffs filed a First Amended Complaint, adding parties. On March 2, 2018, Plaintiffs filed a Second Amended Complaint, adding parties.

The current status of the FOIA responses is as follows:

**FBI**

The Federal Bureau of Investigation (FBI) conducted an initial search for responsive documents on or about July 17, 2017, and found no records. The agency subsequently sent a search request to FBI, Office of Partner Engagement (OPE), which is the FBI office most likely to have responsive material. On March 30, 2018, the FBI processed documents received from the OPE and released to the Plaintiffs 99 pages of responsive documents. The FBI maintains that those are the only responsive records located in response to Plaintiffs' FOIA request.

**DHS**

On November 9, 2017, the Department of Homeland Security (DHS) responded to Plaintiffs' FOIA request as follows:

> "The DHS/Privacy Office undertook a search for responsive records and located information responsive to your request that can be accessed online https://www.dhs.gov/publication/cvegrants-awarded Pursuant to 5 U.S.C. § 552 (a)(2), DHS need not make available under FOIA records that are published. The records online consist of twenty-six grants application packages consisting of 1,100 pages of responsive records, of the 1,100 pages 916 have been released in full and 184 pages have been withheld in part pursuant to 5 U.S.C. § 552(b)(5) and (b)(6). DHS/PRIV has also withheld in full 231 grant applications that were not awarded, consisting of 7,780 pages, those records were withheld pursuant to 5 U.S.C. § 552(b)(5)."

On June 14, 2018, DHS informed defense counsel that it found 505 documents consisting of 1,765 pages of potential responsive records. DHS plans to provide a further response to Plaintiffs' FOIA request and produce any non-exempt responsive records by the end of July 2018. DHS will continue to process 300 pages of records per month, and provide supplemental responses and release any non-

exempt materials on a rolling basis each month. DHS expects to complete the processing of these documents by the end of 2018.

### ICE

Immigration and Customs Enforcement (ICE) has conducted a search for responsive records and identified documents that did not originate within ICE. It appears that ICE was copied on documents that originated from DHS, and that the documents would be duplicative of those identified by DHS. However, ICE is in the process of compiling the documents and referring them to DHS for a further response to the Plaintiffs.

### EOUSA / USAO CDCA

The Executive Office for United States Attorneys (EOUSA) has conducted a search for responsive records at EOUSA and the United States Attorney's Office, Central District of California (USAO CDCA), and compiled potentially responsive documents. However, test batches of the documents have identified that a number of non-responsive documents were captured in the search. EOUSA is in the process of reviewing the documents and consulting with the Office of Legal Programs at EOUSA. EOUSA estimates that it will take another 30-60 days to confirm the number of documents responsive to the Plaintiffs' FOIA request. Thereafter, EOUSA will be better able to estimate the processing time for the records and provide Plaintiffs' counsel and the Court with a schedule for a monthly rolling release.

### FEMA

On July 14, 2017, the Federal Emergency Management Administration (FEMA) acknowledged Plaintiffs' FOIA request and informed Plaintiff that it determined that any responsive information would be under the purview of DHS. Therefore, FEMA referred the request to the FOIA Officer for DHS for processing and direct response to Plaintiffs.

JOINT RULE 26(F) REPORT

The DHS Office of Terrorism Prevention Partnerships (formerly named the Office for Community Partnerships) is the lead DHS office responsible for the programmatic management and administration of the CVE Grant Program. FEMA is responsible for the financial administration of the program.

**DOJ - CRT**

In June and July 2017, the Department of Justice, Civil Rights Division (DOJ CRT) received Plaintiffs' FOIA request and two other FOIA requests from organizations seeking access to the same or similar subject matter. In responding to the FOIA requests, the FOIA branch contacted the CRT's Office of the Assistant Attorney General to conduct a search for records responsive to the Plaintiffs' FOIA request.  The FOIA branch determined that CRT had no assigned tasks related to the initiative and had no agency obligations regarding the administration of the program, and located only a DOJ Resource Guide referencing "Countering Violent Extremism" on CRT's website. By letter dated July 19, 2017, the FOIA branch sent the Plaintiffs a copy of the Resource Guide and notified the Plaintiffs that CRT does not maintain records responsive to Plaintiffs' FOIA request.

Pursuant to Plaintiffs' appeal, CRT conducted an additional search on May 16, 2018. In conducting the search, the Chief of the FOIA branch contacted CRT's Office of the Assistant Attorney General which has senior management authority over CRT's twelve sections.  CRT conducted a thorough inquiry and search regarding the existence of any CRT role in the CVE Program.  CRT confirmed that it does not maintain records related to the CVE Grant Program and consequently, has no records responsive to the Plaintiffs' FOIA request.

**DOJ - Office of Attorney General (OAG)**

The Office of Information Policy issued a "no records" response on behalf of the Office of the Attorney General (OAG), and maintains that it has no records responsive to Plaintiffs' FOIA request.

\\\

**DOJ – JMD / COPS / CRS / OJP**

The following DOJ components are currently undertaking an additional search for records responsive to Plaintiffs' FOIA request and will provide additional information to Plaintiffs within the next thirty (30) days that either no records were located, or provide an estimate of the number of potentially responsive documents and a time frame for release of any non-exempt documents: the Justice Management Division (JMD), Community Oriented Policing Services (COPS), Community Relations Service (CRS) and Office of Justice Programs (OJP).

**DOJ - National Security Division (NSD)**

The National Security Division (NSD) is currently searching for records responsive to Plaintiffs' FOIA request and will provide additional information to Plaintiffs within the next thirty (30) days that either no records were located, or provide an estimate of the number of potentially responsive documents and a time frame for release of any non-exempt documents.

**B.**   Subject Matter Jurisdiction

The Court has original subject matter jurisdiction over Plaintiffs' claims under the federal Freedom of Information Act ("FOIA"), pursuant 5 U.S.C. § 552.

**C.**   Legal Issues

**PLAINTIFFS:**  The primary legal dispute is whether Defendants have satisfied their obligations under FOIA to "make available" responsive records by conducting an adequate search in light of Plaintiffs' FOIA requests, expediting that search, granting fee waivers, and producing responsive records within a reasonable period of time.

**DEFENDANT:**  The waiver of sovereign immunity under the FOIA gives the Court jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff.   5 U.S.C. §552(a)(4)(B); Spurlock v. FBI, 69 F.3d 1010, 1015 (9th Cir. 1995).  Under FOIA, an agency's decision to withhold information from a

FOIA requester is subject to *de novo* review by the courts. Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980). The agency has the burden to justify the non-disclosure of documents and establish that a particular document is exempt from disclosure. Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1328 (9th Cir. 1995).

**D.** Manual for Complex Litigation

The Parties do not believe that this case would benefit from reference to the procedures set forth in the Manual for Complex Litigation.

**E.** Status of Discovery/Discovery Plan

In light of the nature of Plaintiffs' FOIA claims, the Parties do not anticipate engaging in formal discovery. Instead, the Parties have been cooperating in good faith to assess deadlines by which individual Defendants will produce documents responsive to Plaintiffs' requests. The Parties have therefore proposed a timetable for the first set of dispositive motions.

**DEFENDANT:** Because facts in FOIA cases are rarely in dispute, most such cases do not required discovery. Defendant maintains that the usual discovery process does not apply. FOIA cases are different from other civil matters subject to the discovery provisions of the Federal Rules of Civil Procedure because the government bears the burden to justify non-disclosure of documents. See 5 U.S.C. §552(a)(4)(B); Wiener v. FBI, 943 F.2d 972, 977 (9th Cir. 1991); Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987); Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 742 (9th Cir. 1979). Because the government bears the burden of justifying non-disclosure in a FOIA case, discovery is not essential.

**F.** Dispositive Motions

The parties expect to bring cross-motions for summary judgment. District courts typically decide FOIA cases on summary judgment. See *Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988); Lane v. Dep't of Interior, 523

-10-
JOINT RULE 26(F) REPORT

F.3d 1128, 1134 (9th Cir. 2008); <u>Sakamoto v. EPA</u>, 443 F.Supp.2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."); <u>Moore v. Bush</u>, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment."). Given the number of Defendants and the varying positions of each Defendant as to whether it has conducted a search or possesses responsive records, the Parties request that the Court allow more than one dispositive motion per side. The Parties anticipate that it would be most efficient for the Court to sequence their cross-motions to first address those Defendants that assert that they have no responsive records in their possession to disclose. As of the Parties' June 28, 2018 meet and confer, the Parties anticipate that the Department of Justice Office of Justice Programs and Department of Justice Office of the Attorney General will move on that basis.

The Parties also anticipate the possibility that one or more Defendants may be voluntarily dismissed from this action following the production of responsive records and adequate time for Plaintiffs to review the production.

**G.** Settlement/Alternative Dispute Resolution

At this time, the Parties believe that ADR procedures would not be appropriate. Once Defendants have produced all responsive, non-exempt documents to Plaintiffs, counsel for the Parties will confer to determine whether they are able to resolve or further limit the issues before the Court and whether there is a realistic possibility of settling this matter, in whole or in part.

**H.** Trial Estimate

The Parties agree that this action will be resolved by dispositive motions.

**I.** Independent Expert or Master

The Parties do not believe this case calls for the appointment of an independent expert or master.

**J.** Timetable

**PLAINTIFFS:** Plaintiffs propose the following briefing schedule for the first cross-motion for summary judgment:

| | |
|---|---|
| Defendants' First Motion for Summary Judgment: | Sept. 7, 2018 |
| Plaintiffs' Opposition and Cross-Motion | Oct. 5, 2018 |
| Defendants' Reply and Opposition | Oct. 26, 2018 |
| Plaintiffs' Reply | Nov. 9, 2018 |
| Defendants' Complete Production of Documents and Vaughn Index: | April 5, 2019 |
| Joint Status Report: | Nov. 16, 2018 |

Plaintiffs respectfully request that the Court impose a deadline for Defendants' complete production of responsive records, if any, and a Vaughn index with this briefing schedule for the first cross-motions for summary judgment. Plaintiffs' FOIA requests have now been pending for over a year, and an April 5, 2019 deadline would still afford Defendants an additional nine months to respond to Plaintiffs' requests.

**DEFENDANT:** Defendants propose the following briefing schedule for the first Cross-Motion for Summary Judgment, regarding the sufficiency of the search in regard to the agencies who responded that no records were located:

| | |
|---|---|
| Defendants' shall file the Motion and declarations by: | October 19, 2018 |
| Plaintiffs' shall file an Opposition and Cross-Motion by: | November 16, 2018 |
| Defendants' shall file a Reply and Opposition by: | December 7, 2018 |
| Plaintiffs' shall file a Reply by: | December 21, 2018 |

Defendants propose a hearing date convenient to the Court's calendar, on or after January 21, 2019.

As there are numerous agencies in various stages of searching, processing and releasing documents, Defendant would propose a further Joint Status Report to the Court by March 1, 2019 regarding: (1) any agencies that have fully responded to the

Plaintiffs' FOIA request and can be dismissed from the action; (2) the status of any rolling releases, and projected completion date for the production of any non-exempt documents; and (3) a proposed briefing schedule for any additional Cross-Motion(s) for Summary Judgment regarding the withholding of any records by the remaining agencies. That briefing schedule would include a deadline for the filing of Defendant's Motion for Summary Judgment, as well as a Vaughn Index.[1]

**K.** Other issues

The Parties do not at this time have other issues to raise with the Court.

---

[1] A Vaughn Index is a document that is prepared in litigation to justify withholding of information under the FOIA. The term arose from the case of Vaughn v. Rosen, 484 F.2d 820, 823-25 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), in which such an index was required to determine the validity of the agency's withholdings. See also Yonemoto v. Department of Veterans Affairs, 686 F.3d 681, 688 (9th Cir. 2012) (describing requirements for Vaughn Index.)

Dated: July 16, 2018

MUNGER, TOLLES & OLSON LLP
ANJAN CHOUDHURY
ELIZABETH A. KIM
SUSAN H. HAR

*/s/*

*Anjan Choudhury*

ANJAN CHOUDHURY
Attorneys for Plaintiffs

Dated: July 16, 2018

NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

*/s/ Alarice M. Medrano*

ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendants

**FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2), I, Anjan Choudhury, certify that that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

By: _/s/ Anjan Choudhury_
ANJAN CHOUDHURY
Attorneys for Plaintiffs