NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendants
Federal Emergency Management Agency, *et al.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – CA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, et al.,<br><br>Defendants. | No. CV 17-07887 PSG (KS)<br><br>JOINT STATUS REPORT<br><br>Status Conference<br>Date:  September 30, 2019<br>Time:  2:00 p.m.<br><br>Honorable Philip S. Gutierrez<br>United States District Judge |

Plaintiffs Council on American-Islamic Relations–CA, Greater Los Angeles Office, Vigilant Love Coalition, Asian Americans Advancing Justice – Los Angeles, and American Civil Liberties Union Foundation of Southern California ("Plaintiffs") and Defendants Federal Emergency Management Agency, U.S. Department of Homeland Security, DHS Los Angeles Field Office, DHS Long Beach Field Office, Federal Bureau of Investigation Los Angeles Field Office, United States Attorney's Office for the Central District of California, DOJ, DOJ Civil Rights Division, DOJ Community

Oriented Policing Services, DOJ Community Relations Service, DOJ Executive Office for the United States Attorneys, DOJ Office of Justice Programs, DOJ Office of the Attorney General, FBI, ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, submit the following joint status report:

**DEFENDANTS' PORTION OF JOINT STATUS REPORT:**

This is an action filed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.* Following the July 23, 2018 Scheduling Conference, the Court issued an order requiring Defendants to produce documents by February 1, 2019. *See* Docket No. 33. Thereafter, Defendants have continued to release documents and supplement responses as set forth below. On April 22, 2019, pursuant to the parties' stipulation (Docket No. 39), the Court continued the Status Conference to August 26, 2019. *See* Docket No. 40. On August 6, 2019, pursuant to the parties' further status report and stipulation (Docket No. 45), the Court continued the Status Conference to September 30, 2019, and ordered the parties to file a joint status report by September 17, 2019. *See* Docket No. 47.

**A.   Department of Homeland Security (DHS)**

DHS HQ has completed its production and review of records in this case. In total, DHS processed approximately 3,142 pages of documents as follows:

1. 219 pages were nonresponsive or duplicates;
2. 313 pages were released in full;
3. 1,625 pages were withheld in part or in full pages pursuant to FOIA exemptions 3, 4, 5, and 6; and
4. 985 pages were referrals and consultations to other agencies and Departments for further review and processing.

DHS estimates that it can complete a *Vaughn* index[1] for the withheld information within

---

[1] In FOIA cases, the agency will typically identify the withheld documents and the basis on which they are being withheld by submitting a declaration(s). These declarations or affidavits (singly or collectively) are often referred to as a *Vaughn* index,

1  ninety (90) days from the date ordered by the Court or stipulated by the parties.

2  In addition, Immigration and Customs Enforcement (ICE), as a part of DHS, completed its final release on April 15, 2019. ICE also identified DHS records in its custody and sent those records to DHS headquarters for consultation. DHS processed those records and issued monthly responses to the Plaintiffs in May, June and July 2019. During that review, DHS also identified responsive documents that originated at other agencies, and sent those documents to the originating agencies for a direct response. DHS referred the following documents:

1. Department of Defense (221 pages) – DHS has no additional information about the status of this referral.
2. FEMA (351 pages) – FEMA anticipates that a response regarding these remaining documents will be sent to Plaintiffs on or about September 17, 2019, and expects to release the documents in full.
3. Department of State (246 pages) – DHS has no additional information about the status of this referral.
4. DHS Intelligence and Analysis (I&A) Office (5 pages) – I&A sent the records out for consult with another agency, the National Counterterrorism Center (NCTC). I&A has not yet received a response, but requested information from NCTC as soon as possible.

**B.   Federal Emergency Management Administration (FEMA)**

FEMA completed its search, determined that any responsive records would be located at DHS, and issued a final response on November 19, 2018.  However, FEMA has continued to consult on documents located by other agencies and anticipates releasing a final response regarding the documents referred by DHS on or about

---

after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974).  See also, *Wiener v. FBI*, 943 F.2d 927 at 978, n.6 (9th Cir. 1991), cert. denied, 505 U.S. 1212 (1992) ("[w]e refer to these affidavits [of FBI agents and CIA officers] collectively as the *Vaughn* index").

September 17, 2019. In total, FEMA processed approximately 351pages of documents, and expects to release the documents in full. FEMA estimates that it can complete a *Vaughn* index of the withheld information within 90 days.

### C. Department of Justice (DOJ)

Within the Department of Justice, the request for information regarding the Countering Violent Extremism (CVE) program and related documents implicates numerous DOJ components, including the leadership offices. Accordingly, the Office of Information Policy (OIP) (which is responsible for handling FOIA requests/litigation on behalf of the leadership offices) has taken the lead on coordinating the consultations amongst the numerous components. The consultation process is required before final determinations can be made on the records, pursuant to the DOJ regulations. *See* 28 CFR 16.4 (d). Thus, OIP must review all DOJ CVE releases, which adds significant processing time in this matter, for both the production of records and the preparation of a *Vaughn* index by each agency.

#### 1. Federal Bureau of Investigation (FBI)

The FBI completed its search and released documents to Plaintiffs, and also completed a consultation in December 2018. A last referral was sent to the Executive Office for U.S. Attorneys on March 13, 2019. The FBI does not anticipate any further response/release of documents. In total, FBI processed approximately 99 pages of documents and released approximately 99 pages/portions of pages, withholding information pursuant to FOIA exemptions 3, 6, 7(C) and 7(E). FBI estimates that it can complete a *Vaughn* index of the withheld information within 60 days from September 30, 2019.

#### 2. Executive Office for U.S. Attorneys (EOUSA)

EOUSA completed its processing and a final response was submitted to the Plaintiffs through FOIAOnline, on April 18, 2019. EOUSA does not anticipate any further response/release of documents. In total, EOUSA processed approximately 643 pages of documents, released 20 pages in full, 189 pages in part, and withheld in full 434 pages.

EOUSA has withheld information pursuant to FOIA exemptions 5, 6, and 7 (C). EOUSA estimates that it can complete a *Vaughn* index of the withheld information within 90 days.

### 3. National Security Division (NSD)

The NSD completed its processing and sent a final response to Plaintiffs on December 10, 2018. NSD released 7 pages in full, 6 pages in part, with redactions made pursuant to FOIA exemptions 5, 6, and 7(C), and withheld in full 71 pages pursuant to FOIA exemptions 5, 6, and 7(C). NSD does not anticipate any further response/release of documents. Accordingly, NSD estimates that it can complete a *Vaughn* index of the withheld information within 60 days.

### 4. Civil Rights Division (CRT)

CRT did not locate any responsive documents. CRT has completed a declaration regarding its search.

### 5. Community Oriented Policing Services (COPS)

COPS has completed its processing of documents, and does not anticipate any further response/release of documents.

An interim response was sent to Plaintiffs on April 25, 2018, including 110 pages:
- 73 pages released in full; and
- 37 pages released, with redactions, pursuant to FOIA exemptions 4 and 6.

A final release was sent to Plaintiffs on July 19, 2018, including 694 pages:
- 496 pages released in full; and
- 192 pages released, with redactions, pursuant to FOIA exemptions 6, 7(C), 7(E), and 7(F).
- Six pages, which originated with the Department of the Navy, were referred to the Navy for processing and a direct response to the Plaintiffs. COPS has no further information about the status of those pages.

COPS estimates that it can complete a *Vaughn* index of the withheld information within 30 days.

### 6. Community Relations Services (CRS)

CRS did not locate any responsive documents. CRS estimates that it can complete a declaration regarding its search within 60 days.

### 7. Office of Justice Programs (OJP)

OJP did not locate any responsive documents. OJP estimates that it can complete a declaration regarding its search within 60 days.

### 8. OIP

OIP issued a final response on behalf of the Office of the Attorney on July 21, 2017, before the litigation commenced, indicating that it located no responsive records. Subsequently, NSD referred 173 pages of records to OIP and OIP issued a final response as to those records on March 18, 2019, including:

- 111 pages released, with redactions, pursuant to FOIA exemptions 3, 5, 6, and 7(C);
- 58 pages withheld in full pursuant to FOIA exemption 5;
- Two pages referred by NSD, which were found not responsive; and
- An additional two pages which were entirely duplicative.

OIP estimates that it will take approximately 60 days to complete a declaration and *Vaughn* index to cover the search as well as the various redactions.

Thus, as set forth above, Defendants have completed their search for records and production. Only the following referrals remain outstanding: (1) Department of Defense (221 pages); and (2) Department of State (246 pages). DHS expects that both the Department of Defense and the Department of State will provide a direct response to Plaintiffs, if they have not done so already.

The parties have discussed, informally, potential resolutions of this case. As part of that process, although it is not required, some of the Defendants offered to produce their *Vaughn* index or declaration regarding the search (where no records were found), prior to the filing of a motion for summary judgment. This would allow the parties to meet and confer about whether certain Defendants and/or claims may be dismissed from this

action.

However, Plaintiffs' efforts to compel the preparation of *Vaughn* indices by the Defendant agencies that are not prepared to produce an index prior to the filing of a motion for summary judgment, should be denied. First, FOIA does not require that Vaughn indices be prepared before a summary judgment motion is filed. Moreover, both the FBI and NSD procedures include the comprehensive preparation of an index, along with a declaration and dispositive motion. Although FBI and NSD will continue to meet and confer regarding this issue, at this time, they anticipate filing a *Vaughn* index with a dispositive motion.

Defendants therefore request that the Court enter the following schedule:

- Defendants DHS, FEMA, EOUSA, CRT, COPS, and OIP will produce *Vaughn* indices and/or declarations regarding the sufficiency of the search (where no records were located) by: December 30, 2019
- Deadline for the parties to meet and confer: January 31, 2020
- Defendants will file a Motion for Summary Judgment, with remaining *Vaughn* indices and/or declarations: March 2, 2020
- Plaintiffs will file a Cross-Motion for Summary Judgment / Opposition: March 30, 2020
- Defendants will file a Reply/Opposition: April 27, 2020
- Plaintiffs will file any Reply: May 11, 2020
- Hearing: May 25, 2020, or a date thereafter, convenient to the Court's calendar.

**PLAINTIFFS' STATEMENT:**

Plaintiffs continue to review the documents that Defendants have already released. Plaintiffs have met and conferred with Defendants and understand that all Defendants, with the exception of the Federal Bureau of Investigation and the National Security Division, are willing to produce *Vaughn* indices prior to the Parties' briefing of dispositive motions.

Plaintiffs request that the Court require all Defendants to produce either a *Vaughn* index and/or a declaration regarding the search prior to the Parties' submission of dispositive motions. *Vaughn* indices and/or declarations will assist the Parties and the Court in narrowing the issues and conserve resources.

Plaintiffs therefore request that the Court enter the following Schedule:

- *Vaughn* Indices and/or declarations regarding searches: December 30, 2019
- Deadline for the Parties to meet and confer: January 31, 2020
- Deadline for dispositive motions: March 2, 2020

DATED: September 17, 2019              MUNGER, TOLLES & OLSON LLP

By:    /s/ Elizabeth A. Kim
       ELIZABETH A. KIM
       Attorneys for Plaintiffs

Dated: September 17, 2019              NICOLA T. HANNA
                                       United States Attorney
                                       DAVID M. HARRIS
                                       Assistant United States Attorney
                                       Chief, Civil Division
                                       JOANNE S. OSINOFF
                                       Assistant United States Attorney
                                       Chief, General Civil Section, Civil Division

                                       */s/ Alarice M. Medrano*

                                       ALARICE M. MEDRANO
                                       Assistant United States Attorney

                                       Attorneys for Defendants,
                                       Federal Emergency Management Agency, *et al.*

## **FILER'S ATTESTATION**

I, Elizabeth A. Kim, am the ECF user whose identification and password are being used to file this stipulation and proposed order. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the other above-named signatory concurs in this filing.

DATED: September 17, 2019

*/s/ Elizabeth A. Kim*
ELIZABETH A. KIM