1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

COUNCIL ON AMERICAN–ISLAMIC
RELATIONS–CA, et al.

     Plaintiff(s),

         v.

FEDERAL EMERGENCY
MANAGEMENT AGENCY, et al.

     Defendant(s).

Case No.  2:17–cv–07887–FLA–KS

**INITIAL STANDING ORDER**

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS
ACTION AND DIFFERS IN SOME RESPECTS FROM THE LOCAL
RULES.**

COUNSEL FOR PLAINTIFF(S) SHALL SERVE THIS ORDER
IMMEDIATELY ON ALL PARTIES AND/OR THEIR ATTORNEY(S),
INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS ACTION HAS
BEEN REMOVED FROM THE STATE COURT, THE DEFENDANT WHO
REMOVED THE ACTION SHALL SERVE THIS ORDER ON ALL OTHER
PARTIES.

This action has been assigned to the calendar of United States District Judge
Fernando L. Aenlle-Rocha. Both the court and counsel bear responsibility for the

–1–

progress of this action. To "secure the just, speedy, and inexpensive determination" of the action, as called for in Fed. R. Civ. P. 1, all parties or their counsel, including pro se litigants,[1] are ordered to be familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California ("Local Rules"), and this court's standing orders and online procedures and schedules.

Unless the court orders otherwise, the following rules shall apply.

### 1.  SERVICE OF THE COMPLAINT

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m), including "Doe" or fictitiously named defendants, shall be dismissed from the action without prejudice.

### 2.  REMOVED ACTIONS

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). Any pending motions must be re-noticed in accordance with Local Rule 7. Counsel shall file with his or her first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this court contains a state court Judicial Council Form pleading, i.e., a pleading in which boxes are checked, the party that filed the form pleading must file in this court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

### 3.  ASSIGNMENT TO A UNITED STATES MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including trial. The magistrate judges who accept

_____

[1] Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

1   those designations are identified on the Central District Court's website, which also

2   contains the consent form.

3   **4.    CALENDAR CONFLICTS**

4        If any counsel discovers a calendar conflict with a scheduled appearance,

5   counsel must inform opposing counsel and the courtroom deputy clerk via

6   chambers email address at <u>valencia_vallery@cacd.uscourts.gov</u> as soon as possible

7   and not later than three (3) court days before the scheduled appearance. Counsel

8   should attempt to agree on a new date to accommodate the calendar conflict.

9   Counsel must propose a new date by Stipulation and [Proposed] Order.

10   **5.    DISCOVERY**

11       **a.    <u>Discovery Matters Referred to United States Magistrate</u>**

12            **<u>Judge</u>**

13       All discovery matters are hereby referred to the assigned magistrate judge,

14   who will hear all discovery disputes. The magistrate judge's initials follow the

15   district judge's initials next to the action number. All discovery-related documents

16   must include the words "DISCOVERY MATTER" in the caption to ensure proper

17   routing. Counsel are directed to contact the magistrate judge's courtroom deputy

18   clerk to schedule matters for hearing and must follow the magistrate judge's

19   procedures for scheduling matters for hearing. These procedures are stated on each

20   magistrate judge's webpage. The parties are ordered to comply with Local Rule 37

21   and deliver mandatory chambers copies of discovery-related papers to the

22   magistrate judge assigned to this action.

23       In accordance with 28 U.S.C. § 636(b)(1)(A), the magistrate judge's decision

24   shall be final, and this court will not reverse any order of the magistrate judge

25   unless it has been shown that the magistrate judge's order is clearly erroneous

26   or contrary to law. Any party may file and serve a motion for review and

27   reconsideration before this court. *See* Local Rule 72-2. The moving party must

28   file and serve the motion within fourteen (14) days of service of a written ruling

or within fourteen (14) days of an oral ruling the magistrate judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the magistrate judge's courtroom deputy clerk at the time of filing.

### b.   Compliance with Fed. R. Civ. P. 26(a)

Unless there is a likelihood that, upon motion by a party, the court would order that discovery be stayed, the parties should begin to propound discovery before the Scheduling Conference. The parties must comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and produce discovery promptly.  At the Scheduling Conference, the court will impose firm deadlines governing the completion of discovery.

### 6.   MOTIONS - GENERAL REQUIREMENTS

### a.   Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rules 6 and 7. The court hears motions in civil actions on Fridays, beginning at 1:30 p.m. It is not necessary to clear a hearing date with the courtroom deputy clerk before filing a motion, except for motions for summary judgment and preliminary injunction. The parties must adhere to the briefing schedule set forth in Local Rules 7-9 and 7-10, and the schedule herein for Fed. R. Civ. P. 56 motions, to afford the court adequate time to prepare for the hearing. If the motion hearing date selected is not available, the court will issue an order continuing the hearing. Professional courtesy dictates, and the court fully expects, the parties will accommodate each other's schedules, including vacations and holidays, whenever possible. The parties should not calendar a matter on a Friday that is a court holiday. If this occurs, the court will re-calendar the matter for another Friday.

///

///

### b.   Pre-Filing Requirement to Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court. Counsel shall resolve minor procedural or other non-substantive matters during the conference. The pro se status of one or more parties does not negate this requirement. The Notice of Motion must include a statement of compliance with Local Rule 7-3. The court may strike or deny a motion if counsel fail to meet and confer in good faith.

### c.   Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed twenty-five (25) pages. *See* Local Rule 11-6. Replies shall not exceed fifteen (15) pages. Only in rare instances and for good cause shown will the court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave of court.

Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than fourteen (14) point and Courier font must be no less than twelve (12) point. Footnotes shall be in the same font and the same size as the body of the memorandum.

If documentary evidence in support of or in opposition to a motion exceeds fifty (50) pages, courtesy copies of the evidence must be separately bound, tabbed, and include an index. If such evidence exceeds two hundred (200) pages, the documents shall be placed in a Slant D-Ring binder, with an index and with each item of evidence separated by a tab divider on the right side.

///

1   Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of
2   all documents to .pdf so that when a document is e-filed, it is in the proper size
3   and is .pdf searchable. Further, all documents shall be filed in a format so that
4   text can be selected, copied, and pasted directly from the document.

5   **d.  Citation to Case Law**

6   Citations to case law must identify not only the case cited, but the specific
7   page referenced. For example, if a quotation is presented, the associated page
8   citation shall be provided. Similarly, if a case is cited in support of a proposition
9   based on language in the opinion, the page on which such language appears shall
10  be provided. Bluebook style is required.

11  **e.  Citations to Other Sources**

12  Statutory references must identify with specificity the sections and subsections
13  referenced. Citations to treatises, manuals, and other materials should include the
14  volume, section, and pages being referenced. Citations to prior filings in the same
15  action shall include the docket entry number, section, and pages referenced.
16  Bluebook style is required.

17  **f.  Oral Argument**

18  If the court deems a matter appropriate for decision without oral argument,
19  the court will take the matter under submission and notify the parties before the
20  hearing.

21  **7.  SPECIFIC MOTION REQUIREMENTS**

22  **a.  Motions Pursuant to Fed. R. Civ. P. 12**

23  Many motions to dismiss or strike can be avoided if the parties confer in good
24  faith as required by Local Rule 7-3, especially for perceived defects in a complaint,
25  answer, or counterclaim that can be corrected by amendment. *See Chang v. Chen*,
26  80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district
27  court should grant leave to amend unless it is clear the complaint cannot be saved
28  by amendment). Moreover, a party has the right to amend the complaint "once as

1  a matter of course at any time before a responsive pleading is served." Fed. R. Civ.

2  P. 15(a). Even after a complaint has been amended or a responsive pleading has

3  been served, the Federal Rules of Civil Procedure provide that leave to amend

4  should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed,

5  the Ninth Circuit requires that this policy favoring amendment be applied with

6  "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,

7  1079 (9th Cir. 1990).

8        Consequently, parties should carefully consider and weigh an opponent's

9  contentions as to the deficiencies in a pleading. In most instances, the parties

10  should agree to any amendment that would cure the defect.

11            **b.**   **Motions to Amend**

12        In addition to the requirements of Local Rule 15-1, all motions to amend

13  pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to

14  differentiate the amendment from previous amendments; and (3) identify the pages

15  and line numbers, and wording of any proposed change or addition of material.

16  The proposed amended pleading must be serially numbered to differentiate it from

17  previously amended pleadings.

18        Counsel shall electronically file a "Notice of Lodging" attaching the proposed

19  amended pleading as a document separate from the motion, and shall attach a

20  "redlined" version of the proposed amended pleading identifying all additions and

21  deletions of material as an appendix to the moving papers.

22            **c.**   **Motions for Class Certification**

23        Notwithstanding Local Rule 23-3, the deadline for the filing of a motion

24  for class certification will be set pursuant to the parties' stipulation during the

25  Scheduling Conference or in a Scheduling Order. No request for relief from Local

26  Rule 23-3 is necessary.

27  ///

28  ///

### d. <u>Summary Judgment Motions</u>

No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated a motion for summary judgment or summary adjudication, without leave of court. The parties shall not attempt to evade the page limitations for briefs by filing multiple motions. If a party believes this is one of the rare instances in which good cause exists for more than one summary judgment motion or to increase page limits, the party shall seek leave by noticed motion setting forth a detailed showing of good cause. Pursuant to Fed. R. Civ. P. 56(f), when appropriate, based on undisputed facts and controlling principles of law, the court may sua sponte enter summary judgment in favor of the non-moving party.

Also, the court will not entertain cross-motions that seek to adjudicate the same legal issues. If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the one motion for summary judgment.

Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. The hearing on any such motion shall be set for a date in advance of the Final Pretrial Conference. This court requires an extended briefing schedule for motions under Rule 56, as follows:

• <u>Any Rule 56 Motion</u> must be filed at least five (5) weeks before the noticed hearing date.

• <u>Any Opposition</u> must be filed three (3) weeks before the noticed hearing date (two (2) weeks after the Motion is filed).

• <u>Any Reply</u> must be filed two (2) weeks before the noticed hearing date (one (1) week after the opposition is filed).

The above briefing schedule is the default. The parties may stipulate to a modified schedule that is reasonable for all parties. Any briefing schedule must provide the court at least two weeks between the reply deadline and the hearing

date.

The parties should prepare papers in a fashion that will assist the court in processing and analyzing the facts, including through the use of tabs, tables of contents, headings, indices, and pinpoint citations. The parties shall comply with Local Rules 56-1 through 56-2, taking into account the court's additional requirements described below.

### i.   Statements of Uncontroverted Facts and Genuine Disputes

The Separate Statement of Uncontroverted Facts required under Local Rule 56-1 shall be prepared in a two-column table, as shown below. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. The "Conclusions of Law" portion of the Statement should be inserted after the Statement of Uncontroverted Facts.

**Plaintiff's Claim for _____ is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

The opposing party's Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by a brief citation to the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's

asserted fact, cite to the relevant exhibit or other evidence, and describe the

reason(s) the exhibit or evidence refutes the asserted fact.  No legal argument

should be set forth in this document.

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
| --- | --- |
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) at 29:4-16. |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

The opposing party may submit additional material facts that bear on or relate

to the issues raised by the movant, which shall follow the format described above

for the moving party's separate statement. These additional facts shall continue

in sequentially numbered paragraphs and shall set forth in the right-hand colum

the evidence that supports that statement.

With its Reply, the moving party shall file a Response to the Statement of

Genuine Disputes of Material Fact and Additional Material Facts. For each fact,

the Response shall restate the allegedly undisputed fact and state whether the fact

is disputed or undisputed by the opposing party. If the fact is undisputed, no

further response is required.

If the fact is disputed, the Response shall restate the opposing party's evidence

and reason for disputing the asserted fact. The moving party may provide a

response to the opposing party's reason for dispute, including any reason why

the evidence cited by the opposing party does not create a genuine dispute and/or

any additional evidence relevant to the asserted fact. This response may either be

presented in three columns, with the response appearing in the right-hand column,

or in two columns, with a response provided below each fact.

The Response may also include any response to additional material facts

asserted by the non-moving party, and this response shall follow the format

1   described above for the Statement of Genuine Disputes of Material Fact. The

2   response to these additional facts shall continue in sequentially numbered

3   paragraphs, and shall not restart the numbering.

4       All facts asserted by either party, whether disputed or undisputed, and all

5   supporting evidence cited, shall be included in the Response.  <u>Do not repeat</u>

6   <u>descriptions of and citations to the evidence</u>. If you have already described and

7   cited the evidence once, simply refer to the earlier citation succinctly (e.g., *See*

8   *supra*, Fact # 1).

9           **ii.   Supporting Evidence**

10      No party shall submit evidence other than the specific items of evidence or

11  testimony necessary to support or controvert a proposed statement of undisputed

12  fact. For example, entire deposition transcripts, entire sets of interrogatory

13  responses, and documents that do not specifically support or controvert material

14  in the separate statement shall not be submitted in opposition to a motion for

15  summary judgment.

16      Evidence submitted in support of or in opposition to a motion should be

17  submitted either by way of stipulation or as exhibits to declarations sufficient to

18  authenticate the proffered evidence, and should not be attached to the memorandum

19  of points and authorities. Documentary evidence for which there is no stipulation

20  regarding foundation must be accompanied by the testimony, either by declaration

21  or properly authenticated deposition transcript, of a witness who can establish

22  authenticity.

23          **iii.   Objections to Evidence**

24      If a party disputes a fact based in whole or in part on an evidentiary objection,

25  the ground for the objection should be stated succinctly in a separate statement of

26  evidentiary objections in a two-column format. The left column should identify

27  the items objected to (including page and line number if applicable) and the right

28  column should set forth a concise objection (e.g., hearsay, lack of foundation, etc.)

with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF System or emailed directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov.

### e.   Motion for Attorney's Fees

Motions for attorney's fees shall be e-filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

All tables shall be attached to the motion and electronically filed. The courtesy copy of the table shall be emailed to the court's chambers email address at fla_chambers@cacd.uscourts.gov, and shall be prepared in Microsoft Excel and have all restrictions removed so the spreadsheet can be edited.

### 8.   PROPOSED ORDERS

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the proposed order in Word format

shall be either uploaded through the CM/ECF System or emailed directly to the

court's chambers email address at fla_chambers@cacd.uscourts.gov on the day

the document is e-filed.

### 9.   MANDATORY CHAMBERS COPIES

All original filings are to be filed electronically pursuant to Fed. R. Civ. P.

5(d)(3) and Local Rule 5-4. Considering the ongoing COVID-19 pandemic, the

court has suspended Local Rule 5-4.5, which requires the provision of mandatory

chambers copies, until further notice. As a result, the parties are not required

during the COVID-19 pandemic to provide mandatory chambers copies of their

motion or opposition briefs, or of court opinions or statutes that may be found on

Westlaw or Lexis. However, the parties shall provide mandatory chambers copies

of any documentary evidence in support of or in opposition to a motion that

exceeds fifty (50) pages.

After the COVID-19 pandemic recedes, mandatory chambers copies shall

be delivered to and placed in the Judge's courtesy box, located outside the Clerk's

Office on the fourth floor by 5:00 p.m. on the first court date after the filing date.

Chambers copies must be printed from the CM/ECF System and must include the

CM/ECF-generated header (consisting of the action number, document control

number, date of filing, and page number). Any stapling or binding should not

obscure the CM/ECF-generated header. All exhibits, declarations, and other

documents destined for chambers must be tabbed, where applicable. Blue-backs

and hole punches are not required.

Chambers copies of sealed documents shall be placed together in a manila

envelope labeled "UNDER SEAL."

### 10.   PROPOSED PROTECTIVE ORDERS

Proposed protective orders pertaining to discovery must be submitted to the

assigned magistrate judge. Protective orders must not purport to allow any matters

to be filed under seal in connection with dispositive motions (including a class

1 certification motion) or trial without a court order. The existence of a protective

2 order alone does not authorize the filing of pleadings or other documents under

3 seal in whole or in part.

### 11.    FILINGS UNDER SEAL

5 Local Rule 79-5 governs applications to file documents under seal. Local

6 Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave

7 is granted. Parties must comply with all provisions of Local Rule 79-5.

8 There is a strong presumption of access in civil actions. *Foltz v. State Farm*

9 *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or

10 other type of information a party seeks to file under seal, the party must identify

11 and discuss the factual and/or legal justification that establishes "good cause" or

12 "compelling reasons" for the information to be protected. *Kamakana v. City and*

13 *County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

14 Documents that are not confidential or privileged in their entirety should not

15 be filed under seal if the confidential portions can be redacted and filed separately

16 with a reasonable amount of effort. The parties should file a complete version of

17 the documents under seal and a redacted version for public viewing, omitting only

18 the portions that the court has authorized to be filed under seal.

19 Sealing must be justified for each individual item: blanket claims of

20 confidentiality will result in the application to seal being denied. Counsel is

21 strongly encouraged to consider carefully whether sealing or redaction is absolutely

22 required for a given piece of evidence or argument. An application to seal that

23 includes meritless requests to seal or redact documents will be denied. The parties

24 also must meet and confer before filing an application to seal.

### 12.    TELEPHONIC HEARINGS

26 In light of the ongoing COVID-19 pandemic, all parties in civil actions are to

27 appear by telephone or video conference for hearings until further notice. When

28 appearing by telephone or video conference, you must (a) use a landline to call into

1   the bridge line provided by the Clerk of Court, and (b) be available at that number

2   for at least 15 minutes before the time of the scheduled hearing. If you wish to

3   make a personal appearance, you must email the courtroom deputy clerk and copy

4   opposing counsel at least three (3) days in advance of the scheduled appearance

5   with an explanation as to why a personal appearance is necessary. The court will

6   consider the request and inform all parties whether a personal appearance will be

7   allowed for the hearing.

8   ### 13.   EX PARTE APPLICATIONS

9   The court considers ex parte applications on the papers and does not usually

10  set these matters for hearing. If a hearing is necessary, the parties will be notified.

11  Ex parte applications are solely for extraordinary relief and should be used with

12  discretion. Sanctions may be imposed for misuse of ex parte applications. *See*

13  *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488

14  (C.D. Cal. 1995).

15  Ex parte applications that fail to conform to Local Rule 7-19 and 7-19.1,

16  including a statement of opposing counsel's position, will not be considered except

17  upon a specific showing of good cause. The moving party shall serve the opposing

18  party electronically, if possible. A party is considered served once the ex parte

19  application has been e-filed. All parties registered for electronic service are sent

20  a notification of ECF filing each time a document is e-filed with a link to the

21  document for one free view. Parties enrolled for service by facsimile or mail must

22  be served the ex parte application by facsimile or personal service.

23  Following service of the ex parte application by electronic, facsimile, or

24  personal service, the moving party shall notify the opposing party that any

25  opposition must be filed no later than twenty-four (24) hours following service.

26  On the day the documents are e-filed, a conformed courtesy copy of moving,

27  opposition, or notice of non-opposition papers are to be delivered to the Clerk's

28  Office Window on the 4th floor of the courthouse at 350 West 1st Street. Counsel

1   will be notified by the clerk of the court's ruling. If counsel does not intend to

2   oppose an ex parte application, counsel must inform the courtroom deputy clerk at

3   (213) 894-0189.

4   **14.    INJUNCTIONS AND RESTRAINING ORDERS**

5        Parties seeking preliminary or emergency injunctive relief must comply with

6   Fed. R. Civ. P. 65 and Local Rule 65. Applications for a Temporary Restraining

7   Order ("TRO") are governed by Local Rule 7-19, which applies to ex parte

8   applications. Thus, oppositions to Applications for a TRO must be filed within

9   twenty-four (24) hours following service of the Application. The court will not

10  rule on any Application for a TRO for at least twenty-four (24) hours after the

11  party subject to the requested order has been served, unless notice is excused as

12  per Fed. R. Civ. P. 65(b) or the interests of justice so require. The parties must

13  provide chambers copies of TRO-related documents on the same day they are filed.

14  **15.    CONTINUANCES**

15       The court has a strong interest in keeping scheduled dates certain. Changes

16  in dates are disfavored. Trial dates set by the court are firm and will rarely be

17  changed. Therefore, a stipulation to continue or extend the date of any matter

18  before this court <u>must</u> be supported by a sufficient factual basis that demonstrates

19  good cause why the change in the date is essential. Without such compelling

20  factual support and a showing of due diligence, stipulations continuing dates will

21  not be approved. Counsel requesting a continuance or extension of time must file

22  electronically a stipulation and lodge a proposed order including a <u>detailed</u>

23  declaration of the grounds for the requested continuance or extension of time.

24  Failure to comply with the Local Rules and this Order will result in rejection of

25  the request without further notice to the parties. Proposed stipulations extending

26  scheduling dates do not become effective unless and until this court so orders.

27  <u>Counsel shall avoid submitting requests for continuance or extension of time less</u>

28  <u>than five (5) court days prior to the expiration of the scheduled date</u>. A request to

1  continue or extend dates or deadlines that have already expired constitutes a

2  presumptive lack of due diligence.

3  **16.    COMMUNICATIONS WITH CHAMBERS**

4        Counsel must not attempt to contact the court or chambers staff by

5  email, telephone, or ex parte means. For appropriate matters only, counsel

6  may contact the courtroom deputy clerk via chambers email address at

7  valencia_vallery@cacd.ucsourts.gov, or by telephone at (213) 894-0189.

8  Counsel must not contact the courtroom deputy clerk regarding the status of

9  any matter before the court. Counsel must include on all papers his or her email

10  address, telephone number, and facsimile number to facilitate communication

11  with the courtroom deputy clerk.

12  **17.    ORDER SETTING SCHEDULING CONFERENCE**

13        Pursuant to Fed. R. Civ. P.16(b), the court will issue an order setting a

14  scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of

15  this court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

16  **18.    SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE**

17  **RESOLUTION ("ADR")**

18        As stated in Local Rule 16-15, the parties in every action must participate in

19  a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.

20  The court will not hold a final pretrial conference or convene a trial unless and

21  until all parties, including the principals of all corporate parties, have completed

22  ADR.

23        This court participates in the court-directed ADR Program whereby the court

24  refers the parties to the magistrate judge, the court Mediation Panel, or private

25  mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed

26  ADR Program (ADR-08) has been filed in this action, counsel must furnish and

27  discuss it wit h their clients in preparation for the Fed. R. Civ. P. 26(f) conference.

28  In their Joint Rule 26(f) Report, counsel should state their preferred ADR

1    procedure. The court will refer the action to a procedure at the initial scheduling

2    conference. More information about the court's ADR Program, the Mediation

3    Panel, and mediator profiles is available on the court's website.

4

5         IT IS SO ORDERED.

6

7    Dated:  February 24, 2021

8                                                    FERNANDO L. AENLLE-ROCHA
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28